UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD B. MCDONOUGH,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　　　　　　Defendant. | No. 5:18-cv-02247 |

# **O P I N I O N**

**Defendant's Partial Motion to Dismiss for Failure to State a Claim, ECF No. 6—Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　**February 7, 2019**
**United States District Judge**

## I.　INTRODUCTION

The Plaintiff, an injured driver, has brought this action against his automobile insurer based on a dispute regarding payment of underinsured motorist benefits arising from a motor vehicle accident. Claims for breach of contract, statutory and common law bad faith, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law have been asserted. The insurer has moved to dismiss the bad faith and Unfair Trade Practices and Consumer Protection Law claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the partial motion to dismiss is granted.

## II. BACKGROUND[1]

On May 22, 2014, at around 6:55 a.m., after running a stop sign, Chad Sweigart's Jeep Cherokee struck Plaintiff Richard McDonough's Pontiac Sunfire as he proceeded through the intersection of Lebanon Road and Elizabeth Town Road in Manheim, Pennsylvania.

As a result of the accident, McDonough suffered serious injuries to his neck and spine. He was taken to Heart of Lancaster Regional Medical Center by ambulance where he underwent conservative treatment involving physical therapy, anti-inflammatory, and pain medication. This initial treatment proved ineffective. McDonough received subsequent medical treatment for his injuries and underwent two surgeries to remedy his spinal injury caused by the accident. Because of his injuries an economist estimated that McDonough lost past and future earnings and past and future fringe benefits equal to $620,631.

Donegal Insurance Group insured Sweigart for bodily injury liability with a policy limit of $100,000. Donegal offered McDonough the full policy amount of $100,000 to settle the claim for personal injury and loss stemming from the accident. McDonough requested consent to this settlement from his own insurer, Defendant State Farm Fire and Casualty Company, as required by the State Farm policy. State Farm provided its consent. The Donegal insurance coverage, however, was allegedly insufficient to compensate McDonough for his losses and damages.

After settling with Sweigart and Donegal, McDonough filed a demand with State Farm to collect underinsured benefits to the extent of the underinsured coverage limits of $300,000. State Farm denied McDonough's request for the full $300,000 and counter-offered with $12,460.76 to

---

[1] The background information in this section is taken from the complaint and is set forth as if true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

settle his claim. Despite repeated requests, State Farm refused to pay McDonough the full amount of the State Farm policy limit.

After McDonough initiated this suit in the Court of Common Pleas of Philadelphia County, State Farm removed this action from state court to the District Court for the Eastern District of Pennsylvania. McDonough asserts the following claims against State Farm: statutory bad faith under 42 Pa. Cons. Stat. § 8371 (Count I); common law bad faith (Count II); breach of contract (Count III); and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 2-201–201-9.3 (Count IV). State Farm moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims for bad faith and violation of the UTPCPL.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the

3
020619

settle his claim. Despite repeated requests, State Farm refused to pay McDonough the full amount of the State Farm policy limit.

After McDonough initiated this suit in the Court of Common Pleas of Philadelphia County, State Farm removed this action from state court to the District Court for the Eastern District of Pennsylvania. McDonough asserts the following claims against State Farm: statutory bad faith under 42 Pa. Cons. Stat. § 8371 (Count I); common law bad faith (Count II); breach of contract (Count III); and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 2-201–201-9.3 (Count IV). State Farm moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims for bad faith and violation of the UTPCPL.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the

3
020619

settle his claim. Despite repeated requests, State Farm refused to pay McDonough the full amount of the State Farm policy limit.

After McDonough initiated this suit in the Court of Common Pleas of Philadelphia County, State Farm removed this action from state court to the District Court for the Eastern District of Pennsylvania. McDonough asserts the following claims against State Farm: statutory bad faith under 42 Pa. Cons. Stat. § 8371 (Count I); common law bad faith (Count II); breach of contract (Count III); and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 2-201–201-9.3 (Count IV). State Farm moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims for bad faith and violation of the UTPCPL.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the

'[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS[2]

### A. Count I: Statutory Bad Faith

Count I of the complaint alleges a claim for statutory bad faith. McDonough's allegations of bad faith are numerous. They include that State Farm refused to "fairly and equitably determine the value of damages" and that its "refusal to pay to the plaintiff the value of damages . . . is without a reasonable basis and in bad faith." However, McDonough has not stated a plausible statutory bad faith claim because his allegations are not supported by specific facts. Therefore, State Farm's motion to dismiss the statutory bad faith claim is granted.

The Pennsylvania Consolidated Statutes provides a cause of action for bad faith against an insurer. 42 Pa. Cons. Stat. § 8371. Courts in the Commonwealth have defined bad faith as

---

[2] Since this case comes before the Court on diversity grounds, we must apply state law, which in this case is the law of the Commonwealth of Pennsylvania. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

"any frivolous or unfounded refusal to pay proceeds of a policy." *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super. Ct. 2013) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To succeed on a bad faith claim under § 8371, a "plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017); *see also Zurich Am. Ins. Co. v. FTS USA, LLC*, 325 F. Supp. 3d 618, 630 (E.D. Pa. 2018). For these fact-specific claims, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming the dismissal of an insurance bad faith claim that pled conclusory statements without facts)). "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Toner*, 262 F. Supp. 3d at 208.

Here, McDonough's complaint fails to state a plausible statutory bad faith claim. He alleges no factual content indicating that State Farm lacked a reasonable basis for its tendered offer or that it knew or recklessly disregarded a lack of reasonable basis for the offer. Rather, McDonough makes conclusory statements that State Farm unreasonably withheld the payment of underinsured motorist benefits under the policy, failed to make a reasonable offer of settlement, presented a low offer of settlement, failed to engage in good faith negotiations, presented an offer of less than the amount due in an attempt to compel him to institute litigation, and failed to perform an adequate investigation of the value of his claim for underinsured motorist benefits.

Allegations like those McDonough makes in his complaint must be supported by specific facts illustrating where and how State Farm's conduct indicated bad faith. *See Toner*, 262 F. Supp. 3d at 209; *Atiyeh v. Nat'l Fire Ins. Co.*, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010). That there was a disagreement over the settlement amount is not unusual. *See Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 785 (Pa. Super. Ct. 2009) ("The underlying facts involve nothing more than a normal dispute between an insured and insurer over the value of an [underinsured motorist] claim. The scenario under consideration occurs routinely in the processing of an insurance claim."). Moreover, State Farm's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith*, 506 F. App'x at 137.

For those reasons, McDonough has not presented factual statements that would state a plausible claim of bad faith under § 8371. Accordingly, Count I is dismissed.

### B. Count II: Common Law Bad Faith

Count II of the complaint alleges a claim for common law bad faith against State Farm. The basis of this claim is the "common law duty to act with good faith and fair dealing towards its insured . . . within [ ] the meaning of the automobile insurance polic[y]." Compl. ¶ 79, ECF No. 1. McDonough's allegations of common law bad faith mirror those pled for his statutory claim. Where, as is the case here, a common law bad faith claim is incorporated through a separately pled breach of contract claim, Pennsylvania law does not recognize a common law bad faith claim. *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 409 (W.D. Pa. 2011) (citing *LSI Title Agency, Inc. v. Evaluation Servs.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008)). Therefore, State Farm's motion to dismiss the common law bad faith claim is granted.

In addition to the statutory bad faith cause of action under § 8371, "Pennsylvania law also permits a plaintiff to 'bring a cause of action for breach of the contractual duty of good faith and

fair dealing in the insurance context, permitting an insured to recover compensatory damages for an insurer's failure to act in good faith.'" *Mittman v. Nationwide Affinity Ins. Co.*, No. 16-cv-04658, 2017 U.S. Dist. LEXIS 54220, at *6 (E.D. Pa. Apr. 10, 2017) (quoting *Simmons*, 788 F. Supp. 2d at 409); *see also*, *The Birth Ctr. v. The St. Paul Cos.*, 787 A.2d 376, 390 (Pa. 2001) (Nigro, J. concurring). "Pennsylvania law, however, does not recognize a separate breach of contractual duty of good faith and fair dealing where that claim is subsumed by a separately pled breach of contract claim." *Mittman*, 2017 U.S. Dist. LEXIS 54220, at *7 (citing *LSI Title Agency, Inc.*, 951 A.2d at 391).

Here, McDonough pleads both a common law bad faith claim (*i.e.*, a violation of good faith claim) as Count II and a breach of contract claim as Count III. Both claims stem from State Farm's refusal to pay McDonough the full amount of his policy coverage. His breach of contract claim includes allegations that State Farm "breached its duty of good faith and fair dealing . . . established by the insurance contract." Compl. ¶ 94. As such, the common law bad faith claim is subsumed into the breach of contract claim. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000); *Soldrich v. State Farm Fire & Cas. Co.*, No. 5:15-cv-01438, 2015 U.S. Dist. LEXIS 159125, at *7 (E.D. Pa. Nov. 24, 2015); *Fingles v. Cont'l Cas. Co.*, No. 08-cv-05943, 2010 U.S. Dist. LEXIS 41643, at *7 (E.D. Pa. Apr. 28, 2010); *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009).

As described above, because Pennsylvania courts would decline to proceed with the claim alleging bad faith, the Court dismisses McDonough's claim in Count III.

### C. Count IV: Claim for Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL)

Pennsylvania's UTPCPL catchall provision "prohibits '[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.'" *DeHart*

*v. HomEq Servicing Corp.*, 679 F. App'x 184, 188 (3d Cir. 2017) (quoting 73 P.S. §§ 201-2(4)(xxi), 201-3). Under the UTPCPL, "only malfeasance, rather than nonfeasance, raises a cause of action." *Robbins v. Metro. Life Ins. Co. of Conn.*, No. 08-cv-0191, 2008 U.S. Dist. LEXIS 104902, at *16 (E.D. Pa. Dec. 24, 2008) (citing *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). "Allegations of improper conduct during an investigation of an insurance claim suggest malfeasance and are thus actionable under the UTPCPL." *Robbins*, 2008 U.S. Dist. LEXIS 104902, at *16 (citing *Simon v. Unum Provident Corp.*, No. 99-cv-6638, 2002 U.S. Dist. LEXIS 9331, at *25 (E.D. Pa. May 23, 2002)).

State Farm seeks to dismiss the UTPCPL claim for two reasons: (1) the economic loss doctrine precludes such a claim; and (2) McDonough's allegations do not support a finding of justifiable reliance. As discussed below, the Court disagrees that the economic loss doctrine prohibits McDonough's UTPCPL claim but agrees that McDonough failed to plead sufficient facts to support a UTPCPL claim.

1. **Economic Loss Doctrine**

The economic loss doctrine bars a plaintiff from recovering tort damages for economic losses stemming solely from a breach of contract. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002). It prohibits claims "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015) (internal quotations omitted).

State Farm argues that the economic loss doctrine applies here because McDonough's UTPCPL claim is based solely on the allegation that State Farm failed to perform its contractual obligations under the insurance policy and that the economic loss doctrine bars McDonough's UTPCPL claim. State Farm relies on the United States Court of Appeals for the Third Circuit's decision in *Werwinski*, and other district court decisions that have analyzed that Third Circuit Court of Appeals' decision. In *Werwinski*, the Third Circuit Court of Appeals predicted that Pennsylvania law would bar a UTPCPL claim based on the economic loss doctrine. 286 F.3d at 681. McDonough does not disagree with State Farm's reading of *Werwinski* but adopts arguments presented by Judge Van Antwerpen criticizing the Third Circuit Court of Appeals' decision because it was not in harmony with Pennsylvania state law. *See O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266 (E.D. Pa. 2003).

Although the Third Circuit Court of Appeals predicted that the Pennsylvania Supreme Court would bar a UTPCPL claim based on the economic loss doctrine, after the *Werwinski* decision the Pennsylvania Superior Court concluded the opposite in two opinions. *See Dixon v. Nw. Mut.*, 146 A.3d 780, 790 (Pa. Super. Ct. 2016); *Knight v. Springfield Hyundai*, 81 A.3d 940, 952 (Pa. Super. Ct. 2013). In *Dixon* and *Knight*, the Pennsylvania Superior Court held that UTPCPL claims are not barred by the economic loss doctrine. *Dixon*, 146 A.3d at 790; *Knight*, 81 A.3d at 952. These Pennsylvania Superior Court decisions have led numerous district courts in this circuit not to follow the precedent of the Third Circuit Court of Appeals from *Werwinski*. *See*, *e.g.*, *Kerr v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-309, 2018 U.S. Dist. LEXIS 189502, at *10 (W.D. Pa. Nov. 6, 2018); *Lovelace v. Nationwide Mut. Ins. Co.*, No. 18-cv-2701, 2018 U.S. Dist. LEXIS 135113, at *5 (E.D. Pa. Aug. 10, 2018); *Pansini v. Trane Co.*, No. 17-cv-3948, 2018 U.S. Dist. LEXIS 36089, at *13 (E.D. Pa. Mar. 6, 2018); *Busch v. Domb*, No. 17-cv-2012,

2017 U.S. Dist. LEXIS 209643, at *7 (E.D. Pa. Dec. 20, 2017); *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 415 (E.D. Pa. 2016); *Sosso v. ESB Bank*, No. 16-cv-367, 2016 U.S. Dist. LEXIS 92104, at *18 (W.D. Pa. July 15, 2016); *Roberts v. NVR, Inc.*, No. 15-cv-489, 2015 U.S. Dist. LEXIS 76975, at *15 (W.D. Pa. June 15, 2015).

Although the Pennsylvania Superior Court decisions in *Dixon* and *Knight* led numerous district courts in this circuit not to follow the precedent of the Third Circuit Court of Appeals from *Werwinski*, other district courts in this circuit have concluded that they are bound by the Third Circuit Court of Appeals' decision unless the Third Circuit Court of Appeals or the Pennsylvania Supreme Court subsequently rule otherwise. *See*, *e.g.*, *Powell v. Saint Joseph's Univ.*, No. 17-cv-4438, 2018 U.S. Dist. LEXIS 27145, at *29 (E.D. Pa. Feb. 16, 2018); *Yamarick v. UNUM Grp.*, No. 16-cv-6164, 2017 U.S. Dist. LEXIS 109372, at *10 (E.D. Pa. July 14, 2017); *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 490 (E.D. Pa. 2016); *McGuckin*, 118 F. Supp. 3d at 720; *Vaughan v. State Farm Fire & Cas. Co.*, No. 14-cv-1684, 2014 U.S. Dist. LEXIS 167208, at *13 (E.D. Pa. Dec. 3, 2014); *Pesotine v. Liberty Mut. Grp., Inc.*, No. 3:14-cv-784, 2014 U.S. Dist. LEXIS 118178, at *10 (M.D. Pa. Aug. 25, 2014); *Gadley v. Ellis*, No. 3:13-cv-17, 2014 U.S. Dist. LEXIS 99992, at *13 (W.D. Pa. July 23, 2014); *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 531 (E.D. Pa. 2013); *Wulf v. Bank of Am., N.A.*, 798 F. Supp. 2d 586, 596 (E.D. Pa. 2011).

Thus, this Court must decide whether to follow the precedent of the Third Circuit Court of Appeals from *Werwinski* (which holds that the doctrine does apply) or Pennsylvania Superior Court decisions (which hold that the doctrine does not apply). Because the Court will follow the Pennsylvania Superior Court decisions on this question of state law, the economic loss doctrine does not bar McDonough's UTPCPL claim.

In deciding to follow the Pennsylvania Superior Court decisions, this Court considered the Third Circuit Court of Appeals' holding that "in the absence of a clear statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law," courts within the circuit "are bound by the holdings of previous panels of [the Third Circuit Court of Appeals]." *Debiec v. Cabot Corp.*, 352 F.3d 117, 131 (3d Cir. 2003). But, as other district courts in the circuit noted, there is an important exception to that general rule: intervening changes in the law. *See Kerr*, 2018 U.S. Dist. LEXIS 189502, at *11 ("The Third Circuit has noted that, 'when we are applying state law and there is persuasive evidence that it has undergone a change, we are not bound by our previous panel decision if it reflected our reliance on state law prior to its modification.'" (quoting *Robinson v. Jiffy Exec. Limousine Co.*, 4 F.3d 237, 240 (3d Cir. 1993)); *Lovelace*, 2018 U.S. Dist. LEXIS 135113, at *9 (citing *Busch*, 2017 U.S. Dist. LEXIS 209643, at *10 (quoting *Robinson*); *Landau*, 223 F. Supp. 3d at 412 ("Among the well-established exceptions to that prohibition is where there has been an intervening change in the law."). "[A]lthough state intermediate appellate decisions are not automatically controlling where the highest court of the state has not spoken," the Third Circuit Court of Appeals "must give serious consideration to the decisions of the intermediate appellate courts in ascertaining and applying state law." *Robinson*, 4 F.3d at 242.

Since the Third Circuit Court of Appeals' decision in *Werwinski*, an intermediate appellate court in Pennsylvania has held on more than one occasion that the economic loss doctrine does not apply in these circumstances. *Kantor v. Hiko Energy, LLC*, 100 F. Supp. 3d 421, 427 (E.D. Pa. 2015). In deciding *Werwinski* the Third Circuit Court of Appeals predicted Pennsylvania state law with little guidance from Pennsylvania courts. 286 F.3d at 675 ("Having determined that the federal and state decisions interpreting Pennsylvania law shed little light on

the question at issue, we next look outside the jurisdiction for persuasive authority on the subject.") "While it would be ideal for the Third Circuit or Pennsylvania Supreme Court to weigh in on the current state of the law, waiting for that day is not the better course of action." *Lovelace*, 2018 U.S. Dist. LEXIS 135113, at *10-11.[3]

Had State Farm not removed this matter from state court, the trial court would have been compelled to follow one Pennsylvania Superior Court's precedent in *Knight* and *Dixon*. This creates a situation, as identified in *Dixon*, where the "split in authority means that state and federal courts in this Commonwealth follow different substantive rules in considering claims advanced under the UTPCPL." *Dixon*, 146 A.3d at 790. "Such inconsistent outcomes encourage forum shopping, an unwelcome result." *Lovelace*, 2018 U.S. Dist. LEXIS 135113, at *11 (citing *Landau*, 223 F. Supp. 3d at 414; *Busch*, 2017 U.S. Dist. LEXIS 209643, at *11).

For the reasons above, this Court is persuaded that it should also follow the precedents of *Knight* and *Dixon*. Therefore, McDonough's UTPCPL claim is not barred by the economic loss doctrine and State Farm's motion to dismiss on that basis is denied.

**2. Justifiable Reliance**

State Farm argues that the UTPCPL claim must be dismissed because McDonough has not pled sufficient facts showing that he believed, justifiably relied upon, or suffered any form of

---

[3] State Farm argues that the Third Circuit Court of Appeals has repeatedly affirmed the dismissal of UTPCPL claims arising out of an alleged breach of contract under the economic loss doctrine. The cases State Farm cites are unpersuasive. Only one of the cases *Berkery v. Verizon Communs. Inc.*, 658 Fed. Appx. 172 (3d Cir. 2016), was decided after the Pennsylvania Superior Court's decision in *Knight*. Further, *Berkery* was an unpublished opinion and neither the Third Circuit Court of Appeals' *per curiam* opinion nor the district court's opinion acknowledged the Pennsylvania Superior Court's ruling in *Knight*.

harm based upon any misrepresentation by State Farm. McDonough disagrees and argues that he only needs to plead sufficient facts showing that State Farm engaged in "misleading conduct."

McDonough misstates the law. Pennsylvania courts have determined that "the 1996 amendment of the UTPCPL adding the catchall provision lessened the degree of proof required—that is, a plaintiff need not establish common law fraud to prevail on a claim for deceptive conduct under the catchall provision." *Shea v. USAA*, No. 17-cv-4455, 2018 U.S. Dist. LEXIS 124163, at *25 (E.D. Pa. July 25, 2018) (citing *Krishnan v. Cutler Grp., Inc.*, 171 A.3d 856, 893 (Pa. Super. Ct. 2017)). To state a claim under the UTPCPL's catchall provision, a plaintiff must plead sufficient facts showing: "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Hall v. Equifax Info. Servs. LLC*, 204 F. Supp. 3d 807, 810 (E.D. Pa. 2016) (citing *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014)).

McDonough's complaint does not contain sufficient facts to state a plausible claim for deceptive conduct under the UTPCPL's catchall provision. He has failed to allege facts that would establish that he justifiably relied upon any alleged misleading conduct. Further, his complaint fails to allege that such reliance on State Farm's alleged misleading conduct. caused an injury. Therefore, the Court finds that McDonough has failed to state a claim for a violation of the UTPCPL and State Farm's motion to dismiss this Count is granted.

## V. CONCLUSION

For the reasons stated above, State Farm's motion to dismiss is granted. The Court will allow McDonough leave to file an amended complaint with respect to Counts I and IV.[4] A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] The Court does not grant leave to amend on Count II. As a matter of law, McDonough's common law bad faith claim is subsumed into the breach of contract claim. Amendment to that claim would be futile.